**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**
**Richmond, VA**
No. 13-4017
No. 13-4106

UNITED STATES OF AMERICA

        Plaintiff – Appellee

v.

DENNIS DARNELL BOWERS, JR.

        Defendant - Appellant

---

**JOINT MOTION TO SEAL BRIEFS**

---

Defendant and the United States of America jointly hereby move the Court to seal the briefs in this case. We state as follows in support of this motion:

1. Defendant was named in a two-count indictment filed by a federal grand jury in the Middle District of North Carolina on September 26, 2011. On March 19, 2012, the defendant pled guilty to Count One of the indictment pursuant to a Plea Agreement.
2. Subsequent to the entry of plea, Defendant was charged with violating the terms and conditions of supervised release based on a judgment filed in the District of Maryland.
3. The district court below ordered that the presentence investigation report, the judgment and commitment in both cases and the statement of reasons be sealed.
4. The district court closed the sentencing hearing to the public. The only individuals present in the courtroom during the sentencing hearing were counsel for the Government, counsel for the defendant, the Probation Office, the Marshall Service, and court staff.
5. The district court has explained the rationale behind sealing the documents and closing the courtroom in its Order sealing the documents. The Order is attached hereto.
6. Defendant's appeal is based on an anomaly in the presentence investigation report. In order to brief this issue it is necessary to refer in great detail to the sealed documents and to the

closed sentencing hearing. The Government's Brief will also necessarily refer to the sealed materials.

7. Undersigned counsel has discussed this motion with counsel for the United States, Rob Lang. Mr. Lang agreed to the filing of this joint motion.

WHEREFORE, the defendant-appellant and the United States respectfully request that the Court seal the Opening Brief, the Response Brief and the Reply Brief.

This the 3rd day of July 2013.

Respectfully submitted,

/s/ Marilyn G. Ozer
211 North Columbia Street
Chapel Hill, N.C. 27514
919-967-8555
N.C. Bar # 18360
email:  redwood@nc.rr.com

CERTIFICATE OF SERVICE

I hereby certify that on 8 July 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users.

Robert A. J. Lang
Assistant United States Attorney

This the 8th day of July 2013.

/s/ Marilyn G. Ozer



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **FILED UNDER SEAL** |
| | ) | |
| v. | ) | 1:11CR297-1 |
| | ) | 1:12CR257-1 |
| DENNIS DARRELL BOWERS, JR. | ) | |

### ORDER

Presently before the court is the oral request of the United States Probation Office that this court seal the Presentence Report and the Judgment and Commitments filed in Case Numbers 1:11CR297-1 and 1:12CR257-1. This court previously filed a notice of its intention and provided the opportunities for any interested parties to object. No objections have been received. For the reasons set forth herein, this court will seal the Presentence Report and the Judgment and Commitments as requested.

The basis for the request for sealing is straightforward. Defendant previously testified on behalf of the United States and is now in witness protection. Thus, while Defendant should be, and has been, prosecuted for violations of the law as in this case, the protection of Defendant's safety is a matter of substantial significance. The United States Probation Office has advised that the sealing of the presentence report and the

Judgment and Commitment documents are necessary to the Defendant's continued safety. This court has reviewed the Maryland docket in Case Number 1:07CR475-001 and it appears similar records were sealed in that case as well.

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (footnotes omitted). "[A] document becomes a judicial document when a court uses it in determining litigants' substantive rights." In re Policy Mgmt. Sys. Corp., Nos. 94-2254, 94-2341, 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995) (per curiam) (citing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)). For those records and documents that do qualify as judicial in nature, "[t]he right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (citation omitted). The distinction between the rights afforded by these two sources is significant because "the common law does not provide as much access to the press and public as does the First Amendment." In

- 2 -

re State-Record Co., 917 F.2d 124, 127 (4th Cir. 1990) (per curiam).

The Fourth Circuit has held that the First Amendment grants access to "documents filed in connection with plea hearings and sentencing hearings in criminal cases" as well as "documents filed in connection with a summary judgment motion in a civil case." Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) (citation omitted).

> In deciding whether the First Amendment right of access extends to a particular kind of hearing, both the Supreme Court and the courts of appeals have looked to two factors: historical tradition and the function of public access in serving important public purposes. In the first inquiry, the court asks whether the type of proceeding at issue has traditionally been conducted in an open fashion. In the second inquiry, the court asks whether public access to the proceeding would tend to operate as a curb on prosecutorial or judicial misconduct and would further the public's interest in understanding the criminal justice system.

In re Washington Post Co., 807 F.2d 383, 389 (4th Cir. 1986) (citations omitted). When the First Amendment right of access applies, a district court may deny access "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (citations omitted). "The burden to overcome a First Amendment

- 3 -

right of access rests on the party seeking to restrict access," and that party must present specific reasons, as opposed to conclusory assertions, in support of restricting access. <u>Va. Dep't of State Police</u>, 386 F.3d at 575 (citing <u>Press-Enterprise Co. v. Superior Court of Cal.</u>, 478 U.S. 1, 15 (1986)). Under both the common law and First Amendment jurisprudence, the right of access to judicial records and documents "'may be abrogated only in unusual circumstances.'" <u>Id.</u> at 576 (quoting <u>Stone</u>, 855 F.2d at 182).

After determining whether the right of access arises under the common law or the First Amendment, the district court

> [M]ust then weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.

<u>Va. Dep't of State Police</u>, 386 F.3d at 576 (citing <u>Stone</u>, 855 F.2d at 181).

This court finds that the documents under consideration for sealing in this case are protected by the First Amendment right of access. These documents are documents prepared in connection with a sentencing hearing in a criminal case. Furthermore, public access to these documents "plays a significant positive

- 4 -

role in the functioning of the particular process in question." Press-Enterprise, 478 U.S. at 8-9. However, there is also a compelling governmental interest in avoiding disclosure, that is, to protect the safety of an individual in witness protection. This governmental interest includes the safety and well-being of the defendant's identity as a witness in a prior case. It also includes the interest of the parties before this court in presenting all information necessary to the court's determination of a fair and just sentence without concern over disclosure of important information which should not be made public. Defendant's status is an unusual circumstance which merits the sealing of the records as requested by probation, as the public has an interest in protecting those individuals who assist the United States in discovery and prosecution of individuals involved in the commission of criminal offenses against the United States.

    Furthermore, this court has considered the competing interests by giving notice of the intention to seal the documents and a reasonable opportunity to challenge the request. No objections have been filed. Furthermore, this court has

- 5 -

considered whether less drastic alternatives to sealing are viable and finds that there are none.

As described hereinabove, in the absence of any objections, this court finds that protection of the identity of a witness and the interests of the public in the prosecution of criminal activity outweigh the First Amendment considerations in this case.

**IT IS THEREFORE ORDERED** that the Presentence Report and the Judgment and Commitments filed in Case Numbers 1:11CR297-1 and 1:12CR257-1 are hereby **SEALED**.

**IT IS FURTHER ORDERED** that the Orders (Doc. 25 in 1:11CR297-1 and Doc. 6 in 1:12CR257-1) and this Order shall be **SEALED**.

This the 10th day of January, 2013.

_____
William L. Osteen, Jr.
United States District Judge